UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TINA ROSE

        Plaintiff,

    v.

CITY OF WEST FRANKFORT, TIMOTHY A.
ARVIEW, THAD SNELL, and WEST
FRANKFORT POLICE DEPARTMENT,

        Defendants.

Case No. 25-cv-845-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Tina Rose's Amended Complaint (Doc. 13), which she filed after the Court allowed her to proceed *in forma pauperis* in this case. The Court reviews the Amended Complaint to ensure any new claims are not clearly frivolous or malicious or fail to state a claim, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), and that she may proceed *in forma pauperis* on those claims.

In its order reviewing Rose's Complaint (Doc. 1), the Court dismissed Rose's claim against the West Frankford Police Department because, in Illinois, a police department is not a suable entity separate from its municipality. *Best v. City of Portland*, 554 F.3d 698, 698 n. (7th Cir. 2009). It allowed her remaining claims to proceed. For clarity, the Court hereby designates those claims as follows:

**Count 1:**    a claim under 42 U.S.C. § 1983 against all defendants for violation of Rose's First Amendment rights by retaliating against her for her speech and advocacy by obstructing public services, selectively enforcing codes, revoking permits, pursuing false police actions, and obtaining an order of protection;

**Count 2:**    a claim under Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, against the City of West Frankfort for failing to provide reasonable accommodations and for discrimination on the basis of disability;

**Count 3:**     a claim under the § 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794, against the City of West Frankford for failing to provide reasonable accommodations and for discrimination on the basis of disability;

**Count 4**:     a claim under 42 U.S.C. § 1983 against all defendants for violation of Rose's Fourteenth Amendment due process rights by permit revocation and threats of demolition;

**Count 5**:     a claim under 42 U.S.C. § 1983 against all defendants for violation of Rose's Fourteenth Amendment equal protection rights for selective code enforcement because of her disability;

**Count 6:**     a claim under 42 U.S.C. § 1983 against all defendants for civil conspiracy to deprive Rose of her First and Fourteenth Amendment rights;

**Count 7:**     a state common law claim against all defendants for intentional infliction of emotional distress;

**Count 8:**     a state common law claim against all defendants for malicious exploitation of a disabled adult as defined by 320 ILCS 20/2(e);

**Count 9:**     a state common law claim for abuse of process;

**Count 10**:    a state common law claim for public nuisance; and

**Count 11:**    a claim under 42 U.S.C. § 1986 against the City of West Frankfort for neglect to prevent a conspiracy in violation of 42 U.S.C. § 1985.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint or Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled.  Further, the recognition that Rose has pleaded these claims does not indicate they have been sufficiently pled under federal notice pleading standards.

In her Amended Complaint, Rose adds additional factual allegations in support of her existing claims and she adds new claims:

**Claim 12:**    a claim for declaratory relief under 28 U.S.C. § 2201 against all defendants that their conduct violated Rose's First and Fourteenth Amendment rights, the ADA, and the RA, and that selective code enforcement and retaliation are unlawful;

**Count 13:**    a *Monell* claim under 42 U.S.C. § 1983 against the City of West Frankfort for failing to train and supervise employees to prevent the constitutional and statutory violations alleged;

**Count 14**:    a violation of 42 U.S.C. § 1985(2) against all defendants for retaliation and witness intimidation to prevent Rose from exercising her constitutional and statutory rights;

**Count 15:**    a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), for violation of 18 U.S.C. § 1962(c) and (d); and

**Count 16:**    a claim for violation of the Illinois Hate Crime statute, 720 ILCS 5/12-7.1(c) against all defendants for conduct aimed at her because of her disability.

### Count 12

Count 12 appears to be simply a request for an additional form of relief for claims already pleaded. It is not, in and of itself, an independent claim. The Court will dismiss it as an independent claim but will consider Rose's other claims to seek declaratory relief.

### Count 13

Count 13 fails to state a claim for § 1983 liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), based on the failure to train and supervise employees. In order to state a claim against a municipality under *Monell*, a plaintiff must plead facts showing the municipality itself caused a constitutional wrong by either (a) an express policy calling for a constitutional violation; (b) a widespread practice of constitutional violations that was so permanent and well settled as to constitute custom or usage with the force of law; or (c) a constitutional violation caused by a person acting with final policymaking authority for the body. *Monell*, 436 U.S. at 694; *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000). Rose asserts a claim based on West Frankfort's failure to train and supervised amounting to deliberate indifference to her rights. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Rose's allegations do not state a claim under the rules set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To do so, the Amended Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. When making this determination, the Court assumes the veracity of well-pleaded factual allegations. *Twombly* 550 U.S. at 556. However, the Court is not required to accept as true any threadbare recitals of the elements of a cause of action that are supported only by conclusory statements. *Id.* at 555. A pleading that consists of nothing more than "labels and conclusions" or "recitations of the elements of a cause of action" does not suffice. *Id.* (citing *Iqbal*, 556 U.S. at 678). A plaintiff must provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

A naked statement that a policy or practice exists and caused a constitutional violation is not enough to withstand a motion to dismiss. *Justice v. Town of Cicero*, 577 F.3d 768, 773, (7th Cir. 2009). A plaintiff bringing a *Monell* claim based on allegations of a failure to train must plead facts suggesting a plausible "direct causal link" between the purported policy and alleged constitutional deprivation. The policy or custom must be the "'moving force' behind the alleged constitutional deprivation." *Arlotta v. Bradley Ctr.*, 349 F.3d 517, 522 (7th Cir. 2003) (citing *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002)).

Rose's allegations are vague and conclusory in nature. The legal conclusions "contribute nothing to the plausibility analysis under *Twombly/Iqbal*" and are not entitled to the same presumption of truth given to other allegations in a *pro se* complaint. *McCauley v. City of Chi.*, 671 F.3d 611, 618 (7th Cir. 2011). Because Rose has not set forth allegations suggesting that West Frankfort actually had a policy, custom, or widespread practice of using abusive tactics or that it failed to train its employees in proper behavior, she cannot establish the necessary nexus

4

between a city policy and a constitutional deprivation. Accordingly, she may not proceed *in forma pauperis* on her *Monell* claim against West Frankfort, and Count 13 will be dismissed without prejudice.

## Count 14

Count 14 fails to state a claim under 42 U.S.C. § 1985(2) for conspiracy to obstruct justice by retaliation and witness intimidation. In order to plead a civil conspiracy under § 1985, a plaintiff must allege facts plausibly suggesting "an actual conspiracy existed (in other words, that people agreed to injure [the plaintiff]), that its purpose was to deprive [the plaintiff] of [her] constitutional rights, that an act was committed in furtherance of the conspiracy, and that [she] was injured." *Alexander v. City of S. Bend*, 433 F.3d 550, 556-57 (7th Cir. 2006) (citing *Green v. Benden,* 281 F.3d 661, 665 (7th Cir. 2002)). The plaintiff must also plausibly suggest an improper animus drove the conspiracy and "that the conspirators had, in fact, reached an understanding that they sought to injure" the plaintiff. *Alexander*, 433 F.3d at 557 (citing *Green*, 281 F.3d at 665). As *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), held, to plead a conspiracy, it is not enough to plead mere parallel conduct and the existence of a conspiracy. *Id.* at 556. A pleading must plausibly allege facts suggesting a prohibited agreement. *Id.* at 557. Rose has not done this. She simply alleges conduct of a similar nature by the defendants and other third parties, but she does not allege any facts from which a reasonable jury could find a conspiracy in violation of § 1985(2).

To the extent she claims the municipal parties—West Frankfort, Arview, and Snell— agreed with each other as part of their municipal duties to conspire against her, such a claim is barred by the intracorporate conspiracy doctrine. Under that doctrine a "conspiracy cannot exist solely between members of the same entity" when acting within the scope of their employment.

*Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.,* 184 F.3d 623, 632 (7th Cir. 1999).  The doctrine applies to governmental entities as well as private corporations.  *See Wright v. Ill. Dep't of Children & Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994).  Thus, West Frankfort, Arview, and Snell, as members of West Frankfort, cannot be liable for conspiracy under § 1985 for conduct within the scope of their authority.

This ruling warrants reconsideration of the Court's allowing Rose to proceed *in forma pauperis* on Count 11, a claim under 42 U.S.C. § 1986 for neglect to prevent a conspiracy in violation of § 1985.  "Section 1986 provides for liability for an individual who knows that actions prohibited by Section 1985 are about to occur, and with 'reasonable diligence could have prevented' them, but either neglected or refused to do so."  *Tillman v. Burge*, 813 F. Supp. 2d 946, 977 (N.D. Ill. 2011).  Therefore, if a plaintiff does not plead a viable § 1985 conspiracy, a plaintiff cannot plead a violation of § 1986.  Accordingly, the Court will revoke its decision to allow Rose to proceed on Count 11 and will dismiss that claim.

## Count 15

Count 15 fails to state a civil RICO claim.  As with a conspiracy claim, a civil RICO claim must plead more than the mere existence of "a pattern of racketeering activity or collection of unlawful debt."  18 U.S.C. § 1962(c).  A plaintiff must plead facts to plausibly suggest the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 588 (7th Cir. 2017) (internal quotation marks omitted).  These pleading requirements contain a host of subrequirements.  *Id.* at 588-89.  In addition, a civil RICO plaintiff must plead that her property or business has been damaged.  *Id.*; *see Med. Marijuana, Inc. v. Horn*, 145 S. Ct. 931, 936 (2025); 28 U.S.C. § 1964(c).

Rose has failed to allege a pattern of racketeering activity. Black's Law Dictionary defines a "racketeering" as "[a] pattern of illegal activity (such as bribery, extortion, fraud, and murder) carried out as part of an enterprise (such as a crime syndicate) that is owned or controlled by those engaged in the illegal activity." RACKETEERING, Black's Law Dictionary (12th ed. 2024). Nothing in Rose's Amended Complaint suggests anything of the sort. She alleges no pattern of illegal activity—unpleasant, yes, but not illegal—and alleges no facts plausibly suggesting a criminal enterprise. She simply alleges that West Frankford and some of its employees were not fair to her on numerous occasions and did not observe her constitutional and statutory rights.

Additionally, she alleges no facts to plausibly suggest damage to her business or property, whether directly or as a result of harm to her person, as a result of the defendants' conduct, and facts are necessary to plead a claim. She asserts there has been a "substantial devaluation of her home and property," Am. Compl. ¶ 14, but provides no factual allegations to support that assertion. The Amended Complaint unsuccessfully attempts to plead a civil RICO cause of action. Count 15 will be dismissed without prejudice.

### Count 16

In the absence of any clear caselaw about what is required to plead a civil cause of action for violation of the Illinois Hate Crime Act, 720 ILCS 5/12-7.1(c), *see Holder v. Ivanjack*, 39 F. Supp. 2d 965, 971 (N.D. Ill. 1999), the Court finds that Rose's pleading of a claim based on criminal intimidation as set forth in 720 ILCS 5/12-6(a) against the defendants is not frivolous. The Court will allow that claim in Count 16 to proceed in the Amended Complaint. Rose has not, however, stated a claim against any of the defendants as to any of the other specific, enumerated criminal acts that may support civil liability under 720 ILCS 5/12-7.1(c).

In sum, the Court finds that Counts 12, 13, 14, 15, and 16 (to the extent it is based on a criminal act other than intimidation) of the Amended Complaint are frivolous or malicious or fail to state a claim. Therefore, the Court **DISMISSES** those claims under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii). Counts 12, 13, 15 and 16 (to the extent it is based on a criminal act other than intimidation) are dismissed **without prejudice**; Counts 11 and 14 are dismissed **with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case.

The defendants shall have 14 days from entry of this order to answer or otherwise respond to the claims in the Amended Complaint that the Court has allowed to proceed. That the Court has allowed Rose to proceed on certain claims does not foreclose the defendants from seeking to dismiss those claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

**IT IS SO ORDERED.**
**DATED:  July 2, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**