UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TINA ROSE,

      Plaintiff,

  v.

CITY OF WEST FRANKFORT, TIMOTHY A.
ARVIEW, THAD SNELL, and WEST
FRANKFORT POLICE DEPARTMENT,

      Defendants.

Case No. 25-cv-845-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Tina Rose's "Motion for Protective Relief" pursuant to Federal Rule of Civil Procedure 26(c) (Doc. 19). The defendants have responded to the motion (Doc. 21), and Rose has replied to that response (Doc. 22). In her motion, she asks the Court to issue an order prohibiting the defendants from threatening to demolish her home, from enforcing the West Frankfort building code in retaliation against her, from taking "retaliatory property actions," from contacting her "outside of legal procedures," from approaching her home, pets, or property, and from obstructing her access to city services or zoning board reviews. She also seeks an order prohibiting an associate of the defendants from threatening violence and intimidating her. She also asks the Court to refer her case to federal law enforcement agencies to protect her. Her reply brief raises additional matters not addressed in her original motion, but since those matters were first raised in a reply brief, the Court does not consider them. *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998) (matters raised for the first time in a reply brief are waived).

Federal Rule of Civil Procedure 26(c) does not authorize the type of relief Rose requests. The rule is designed to protect litigants and third parties from discovery that is an "annoyance,

embarrassment, oppression, or undue burden or expense." It is not designed to provide personal protection of litigants during the course of litigation. The Court further declines to exercise its inherent authority where an appropriate legal mechanism, a preliminary injunction, is designed to address the problems Rose raises.

To the extent Rose may also be asking the Court to issue a preliminary injunction protecting her from the defendants, the Court will deny that request. "[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," *Benisek v. Lamone*, 585 U.S. 155, 161 (2018) (internal quotation marks omitted). A party seeking a preliminary injunction "must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015). If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public interest. *Id.* "[T]he more likely he is to win, the less the balance of harms must weigh in his favor; the less likely he is to win, the more it must weigh in his favor." *Id.* "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Id.* at 661.

In her original motion, Rose has not addressed any of the factors relevant to the decision whether to enter a preliminary injunction. She attempts to address the factors in her reply, but that is too late since the defendants do not have a fair opportunity to respond to her allegations. *See Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998). She has not established that such extraordinary equitable relief is warranted.

The Court notes that the defendants are already on notice to preserve evidence relevant to this case, so no additional order is required. The Court further sees nothing wrong with the same counsel representing all defendants in this case and trusts that, if such representation conflicts with the Illinois Rules of Professional Conduct, counsel, as a professional and officer of the Court, will take appropriate action. Rose has not asserted any good reason for the Court to take action in this regard.

For these reasons, the Court **DENIES** Rose's "Motion for Protective Relief" (Doc. 19).

**IT IS SO ORDERED.**
**DATED:  July 8, 2025**

                                                              s/ J. Phil Gilbert
                                                              **J. PHIL GILBERT**
                                                              **DISTRICT JUDGE**