UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TINA ROSE

        Plaintiff,

   v.                                                                                      Case No. 25-cv-845-JPG

CITY OF WEST FRANKFORT, TIMOTHY A.
ARVIEW, THAD SNELL, and WEST
FRANKFORT POLICE DEPARTMENT,

        Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Tina Rose's motion to reconsider (Doc. 25) the Court's July 2, 2025, order (Doc. 24) dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) certain claims she attempted to plead in her Amended Complaint. The Court also considers Rose's motion for recruitment of counsel (Doc. 20).

**I.  Motion to Reconsider (Doc. 25)**

Rose asks the Court to reconsider its dismissal of Counts 13 (a *Monell* claim against the City of West Frankfort for failing to train and supervise employees), 14 (a violation of 42 U.S.C. § 1985(2) against all defendants for retaliation and witness intimidation to prevent Rose from exercising her rights), 15 (a civil RICO claim) and 16 (a claim for violation of the Illinois Hate Crime statute).

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order

"may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Pittman ex. rel Hamilton v. Madison Cnty.*, 108 F.4th 563, 572 (7th Cir. 2024) (declining to apply doctrine), *cert. denied*, 145 S. Ct. 1154 (2025); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as, for example, substantial new evidence not available earlier or a manifest error or a change in the law that reveals the prior ruling was erroneous. *Pittman*, 108 F.4th at 572; *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

Rose has not presented a compelling reason for reconsideration of the Court's prior decision. She suggests the Court has made a manifest error of law based on a misunderstanding of the facts. On the contrary, the Court went through the factual allegations of her amended complaint meticulously and understood exactly what she was alleging. If she believes the Court made an error, she is free to raise that issue on appeal after the conclusion of this case.

As to her request for leave to amend her pleading, the Court will deny that request at this time but may reconsider it following the disposition of the defendants' pending motion to dismiss (Doc. 29).

## II.     Motion for Recruitment of Counsel (Doc.

Whether to assign an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to

appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57.  Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis.*  *Mallard v. U.S. District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649.  Local Rules 83.1(j) and 83.8(b) obligate members of the bar of this Court to accept assignments.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself.  *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)).  "[T]he question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."  *Id.* at 655.  In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history.  *Id.*

Rose alleges that she has made substantial efforts to locate counsel on her own which, if true, would satisfy the first *Pruitt* factor.  However, Rose appears competent to proceed in this stage of the case *pro se*.  The Court is aware of her mental and physical disabilities, but up to this point she has demonstrated the ability to communicate her legal positions and support them with relevant allegations of fact.  The Court may reconsider this ruling at a later stage of the case.

Rose asserts in her motion that the Court has not ruled on her motion for leave to become an ECF User.  The Court granted her motion on June 11, 2025 (Doc. 17).  That order states, in its entirety,

> ORDER granting 8 Motion for Leave to File Electronically as a *Pro Se* Litigant. Pursuant to ECF Rule 1 and SDIL-LR 5.1(b)(2), the Court GRANTS plaintiff

Tina Rose access to the ECF system for this case and designates her as a *Pro Se* Filing User.  To access the system, Plaintiff must first enroll to use CM/ECF in the Southern District of Illinois by obtaining a personal PACER account at: https://www.pacer.gov, as this District uses the NextGen version of CM/ECF. Plaintiff must then complete the application for "Non-Attorney E-File Registration" located on the Maintenance tab within her personal PACER account.  Plaintiff has 14 days to complete this process.  If Plaintiff does not complete this process within 14 days, the permission to e-file will be revoked without further notice or warning.  Plaintiff is ADVISED that once she is registered for electronic filing, the Clerk's Office will no longer mail paper copies of documents that are filed, and Plaintiff may no longer submit paper filings by U.S. mail or through intake at the Clerk's Office.  For more information regarding *pro se* filings via the CM/ECF system, see Local Rule 5.1, Electronic Case Filing Rules 1 and 2, and the Court's *Pro Se* Litigant Guide, all available on the Court's website. To the extent Plaintiff seeks similar privileges in other cases, she must request authorization from the presiding judges in those cases.  Signed by Judge J. Phil Gilbert on 6/11/2025.  (tlp) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/11/2025)

The Court will extend the deadline for her to register as a *Pro Se* Filing User to 14 days from entry of this order.  Should Rose fail to register by then, the Court will not entertain further request for authorization.

### III.     Conclusion

For the foregoing reasons, the Court

- **DENIES** Rose's motion to reconsider including the request therein for leave to further amend her complaint (Doc. 25);

- **DENIES without prejudice** Rose's motion for recruitment of counsel (Doc. 20); and

- **ORDERS** that Rose shall have 14 days from entry of this order to register on PACER as a *Pro Se* Filing User.

**IT IS SO ORDERED.**
**DATED:  July 17, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

4