UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TINA ROSE,

      Plaintiff,

  v.

CITY OF WEST FRANKFORT, TIMOTHY A. ARVIEW, THAD SNELL, and WEST FRANKFORT POLICE DEPARTMENT,

      Defendants.

Case No. 25-cv-845-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Tina Rose's Emergency Motion for a Temporary Restraining Order ("TRO") pursuant to Federal Rule of Civil Procedure 65(b) (Doc. 41). In this motion, she asks the Court to order the defendant City of West Frankfort to immediately abate a fire hazard on property adjacent to her own. She claims the fire hazard is created by a rotting structure, overgrown brush and weeds, and an abandoned vehicle. She is afraid that defendants Timothy A. Arview and Thad Snell, who have on prior occasions suggested Rose's home might be destroyed, will be complicit in starting a fire to burn her home. Specifically, she asks the Court to order West Frankfort to, within 72 hours:

- Mow and clear all brush and overgrowth;
- Remove the abandoned vehicle;
- Remove any flammable debris, leaves, garbage presenting an imminent threat to nearby homes.

Pl.'s Mot. TRO 2 (Doc. 41).

When deciding a motion for a TRO, the Court applies the same standard as it does to a motion for a preliminary injunction. *See Wagner v. Williford*, 931 F.2d 58 (7th Cir. 1991); *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1083 (C.D. Ill. 2001). The purpose of both injunctive

remedies is to preserve the status quo until the matter can be litigated.  *See Benisek v. Lamone*, 585 U.S. 155, 161 (2018).  A party seeking a preliminary injunction "must make a threshold showing that:  (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits."  *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015).  If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public interest.  *Id.*  "[T]he more likely he is to win, the less the balance of harms must weigh in his favor; the less likely he is to win, the more it must weigh in his favor."  *Id.*  "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need."  *Id.* at 661.

      In her motion, Rose has not established any of the factors relevant to the decision whether to enter a TRO and has not supported her motion with an affidavit as required by Rule 65(b)(1)(A).  First, although Rose fears a fire, no evidence or allegation shows that fire danger is imminent in the next ten days should the Court not issue a TRO.  More importantly, Rose has not demonstrated there is a likelihood of succeeding on obtaining the relief she seeks through the causes of action she has brought in this case.  Specifically, she has not pointed to any evidence that any fire hazard is allowed to continue in retaliation for her speech and advocacy, because she is disabled, or in an effort to deprive her of property without due process of law or to unlawfully intimidate her.  Further, like every resident who is unhappy with the way the neighbors keep their property, she has legal means of redress against the property owners.  She simply has not shown a TRO is warranted.

Accordingly, the Court **DENIES** Rose's motion for a TRO (Doc. 41).

**IT IS SO ORDERED.**
**DATED:  August 26, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
