UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TINA ROSE,

          Plaintiff,

     v.

CITY OF WEST FRANKFORT,
TIMOTHY C. ARVIEW, and
THAD SNELL,

          Defendants.

Case No. 25-cv-00845-JPG

## <u>MEMORANDUM AND ORDER</u>

This case is before the Court on Defendants' Motion to Stay, or in the Alternative,

Motion to Dismiss (Doc. 29). In the motion, Defendants make two arguments to stay this

litigation. First, they argue that *res judicata* applies. Second, they argue that the Court should

abstain under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

In the alternative, they ask the Court to dismiss Plaintiff's amended complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a response (Doc. 35).

## I.    <u>BACKGROUND</u>

A.  <u>General Background of this Litigation:</u>

This litigation, which involves numerous lawsuits in both state and federal court, arises

from a property dispute between Plaintiff Tina Rose and two neighboring landowners, Robert

Stanley and Randy Trone. Plaintiff believes that three surrounding properties—406 North Bryan

Street, 1109 East Lindell Street, and 1109 ½ East Lindell Street—violate several building and

zoning codes. Beginning in 2023, Plaintiff started to complain about the code violations to city

officials. She alleges that, instead of acting on her complaints, city officials initiated a pattern of

harassment and discriminatory conduct against her. As a result of this alleged conduct, Plaintiff

has filed multiple lawsuits against the city and its officials.

    B. <u>Complaint and Screening Order:</u>

On May 2, 2025, Plaintiff Tina Rose filed an eleven-count complaint in this Court against Defendants City of West Frankfort ("the City"), Mayor Timothy Arview ("Arview"), individually and in his official capacity, Code and Zoning Officer Thad Snell ("Snell"), individually and in his official capacity, and West Frankfort Police Department ("the West Frankfort PD"). The Court screened the complaint under 28 U.S.C. § 1915(a)(1) and issued an Order for Service that allowed Plaintiff to proceed with her claims against the City, Arview, and Snell, but dismissed with prejudice her claims against the West Frankfort PD.

Plaintiff filed an amended complaint on May 30, 2025. The amended complaint contained the original eleven counts and added six new claims. It alleges that Defendants "initiated a pattern of harassment and discriminatory conduct" against Plaintiff that included:

a. Revoking her previously approved fencing permit;

b. Threatening demolition of her home without due process;

c. Selectively enforcing code violations against her while ignoring violations by others;

d. Filing false police reports against her;

e. Initiating a false order of protection against her;

f. Attempting to get her falsely arrested;

g. Signing false statements under oath to cause harm to her;

h. Making false statements in city council meetings and on Facebook to destroy her reputation;

i. Recklessly endangering her by refusing to address a neighboring property that was ordered to be torn down in 2016 and that is a source of drugs in the

community; and

    j.   Causing conditions that allowed a violent home invasion to occur against her.

It also alleges that Defendants "obstructed Plaintiff's access to public safety services, ADA accommodations, and city zoning protections for over one year in retaliation for her exercise of protected rights" by:

    a.   Telling her she could only have 5 minutes to speak to the zoning board during audience comments;

    b.   Attempting to get her falsely arrested to prevent her from attending the zoning board meeting;

    c.   Emailing city workers before the zoning board meeting and telling them to refuse to speak to her;

    d.   Screaming "whistleblower" when she attempted to speak to the zoning board; and

    e.   Filing a falsified order of protection against her.

The Court screened the amended complaint under 28 U.S.C. § 1915(a)(1) and issued a Memorandum and Order. The following eleven claims are currently pending against Defendants:

| Count 1: | a claim under 42 U.S.C. § 1983 against all defendants for violations of Plaintiff's First Amendment rights by retaliating against her for her speech and advocacy by obstructing public services, selectively enforcing codes, revoking permits, pursuing false police actions, and obtaining a false order of protection; |
|---|---|
| Count 2: | a claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, against the City of West Frankfort for failing to provide reasonable accommodations and for discrimination on the basis of disability; |
| Count 3: | a claim under the § 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794, against the City of West Frankfort for failing to provide reasonable accommodations and for discrimination on the basis of disability; |

Count 4:        a claim under 42 U.S.C. § 1983 against all defendants for violation of Rose's Fourteenth Amendment due process rights by permit revocation and threats of demolition;

Count 5:        a claim under 42 U.S.C. § 1983 against all defendants for violation of Rose's Fourteenth Amendment equal protection rights for selective code enforcement because of her disability;

Count 6:        a claim under 42 U.S.C. § 1983 against all defendants for civil conspiracy to deprive Rose of her First and Fourteenth Amendment rights;

Count 7:        a state common law claim against all defendants for intentional infliction of emotional distress;

Count 8:        a state common law claim against all defendants for malicious exploitation of a disabled adult as defined by 320 ILCS 20/2(e);

Count 9:        a state common law claim against all defendants for abuse of process;

Count 10:       a state common law claim against all defendants for public nuisance; and

Count 16:       a claim for violation of the Illinois Hate Crime statute, 720 ILCS 5/12-7.1(c) against all defendants for conduct aimed at her because of her disability (to the extent based on criminal intimidation).

C.  Three Relevant State Court Lawsuits:

Prior to filing this lawsuit, Plaintiff brought three state court actions against the same

defendants.

     i.  State Court Lawsuit #1 – *Tina Rose v. West Frankfort and Thad Snell*, Franklin County Case No. 2024-LA-47 ("*Rose v. City and Snell*"):

On September 5, 2024, Plaintiff filed a lawsuit in the Franklin County Circuit Court

against the City and Snell. In the complaint, Plaintiff alleges that Snell "has failed to enforce [the

building] codes as written, allowing specific individuals, including friends and relatives of city

council members, to violate [them] without consequence." The complaint lists all the building

4

codes that Plaintiff believes the neighboring houses violate. She alleges that, because of Snell's failure to enforce the building codes, she has suffered "undue mental harassment, intimidation, psychological and physical harm, and privacy violations, and is forced to live next to dangerous nuisance buildings." In addition, she alleges that the lack of enforcement led to her being physically attacked in her home. The complaint alleges that Snell has engaged in many acts of intimidation and harassment, including: (1) threatening to take land from Plaintiff to give an easement to one of the neighboring property owners; (2) threatening to tear Plaintiff's house down; and (3) intimidating Plaintiff at her back door over minor fence plan alterations that were agreed on by her neighbor. It asserts claims of negligence, intentional infliction of emotional distress, violation of privacy, harboring a private nuisance, harboring and protecting a public nuisance, threats, and dereliction of duty.

On October 18, 2024, the City and Snell filed a combined motion to dismiss pursuant to 735 ILCS 5/2-619.1. In the motion, they argued that the case should be dismissed because they are immune from liability under sections 2-103 and 2-205 of the Local Governmental and Governmental Employees Tort Immunity Act. Plaintiff filed a response, and the City and Snell filed a reply. On February 7, 2025, the Franklin County Circuit Court granted the motion and dismissed Plaintiff's complaint with prejudice. On February 24, 2025, Plaintiff filed a notice of appeal. On June 24, 2025, the Fifth District Appellate Court affirmed. Four days later, the appellate court denied Plaintiff's petition for rehearing.

> ii.  State Court Lawsuit #2 – *Tina Rose v. Timothy Arview*, Franklin County Case No. 2025-LA-2 ("*Rose v. Arview*"):

On March 28, 2025, Plaintiff filed a lawsuit in the Franklin County Circuit Court against Arview, in his individual capacity. The complaint alleges that Arview "has abused his position as

Mayor . . . to orchestrate a coordinated effort to deprive Plaintiff of her property, safety, and peace of mind—including filing false court actions, enabling city officials to threaten Plaintiff's home, and encouraging a network of local actors to stalk and intimidate her." She alleges that Arview "engaged in a targeted campaign of harassment against" her, including:

a. Threatening to demolish her home;

b. Publicly taunting her on social media;

c. Encouraging false code enforcement actions against her;

d. Filing fraudulent orders of protection against her;

e. Standing over her in an intimidating manner and berating her while ensuring she has no escape; and

f. Attempting to set her up for false criminal charges by luring her into situations where he could justify calling law enforcement.

She alleges that this "pattern of conduct has severely deteriorated [her] mental and physical health, exacerbating pre-existing medical conditions, isolating her from her community, and subjecting her to a constant state of fear, stress, and emotional agony." She asserts claims for intentional infliction of emotional distress, malicious prosecution, and abuse of power that violates her civil rights.

iii. State Court Lawsuit #3 – *Tina Rose v. Thad Snell*, Franklin County Case No. 2025-LA-3 ("*Rose v. Snell*"):

On March 28, 2025, Plaintiff filed a lawsuit in the Franklin County Circuit Court against Snell, in his individual capacity. In the complaint, Plaintiff alleges that Snell "repeatedly targeted [her] for selective enforcement, retaliation, intimidation, and relentless harassment due to [her] lawful and constitutionally protected activities, including publicly speaking out against local corruption, code violations, and misconduct within city government." Specifically, she alleges

6

that Snell "maliciously threatened [her] with the unlawful demolition of [her] home," "willfully

refused to enforce evident building and zoning code violations" at neighboring properties,

"recklessly permitted dangerous and hazardous nuisance conditions" at neighboring properties

which "contributed to [her] becoming the victim of a violent crime at her own residence," and

"consistently and deliberately engaged in behavior intended to severely distress [her]." Plaintiff

also alleges that Snell "refused to leave [her] property when explicitly requested, forcing [her] to

seek police intervention." She asserts two claims: (1) intentional infliction of emotional distress;

and (2) retaliation and violation of civil rights.

## II.    LEGAL STANDARDS

### A.  Dismissal Standard:

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all

allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state

a claim, a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint

(1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is

and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to

relief above a speculative level. *Bell Atl. Corp.*, 550 U.S. at 555; *EEOC. v. Concentra Health

Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl.

Corp.*, 550 U.S. at 556). Although liberal federal notice pleading standards ensure that even non-

detailed complaints can survive a motion to dismiss, they will not prevent dismissal of complaints that plead too much. A case can be dismissed because a complaint pleads facts establishing that the defendant is not entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R.R. Co. v. St. Louis Sw. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997).

III.    **ANALYSIS**

A. *Res Judicata*:

Defendants first argument is that the Court should stay this case because the doctrine of *res judicata* applies. The doctrine of *res judicata*, also known as claim preclusion, prevents relitigation of matters that were or could have been raised in an earlier suit. *Cole v. Bd. of Trs. of Univ. of Ill.*, 497 F.3d 770, 772 (7th Cir. 2007); *Garcia v. Vill. of Mt. Prospect*, 360 F.3d 630, 634 n.6 (7th Cir. 2004). Because of the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give a state court judgment the same preclusive effect that the court rendering the judgment would give it. *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002); *Rooding v. Peters*, 92 F.3d 578, 580 (7th Cir. 1996). Thus, when examining whether an Illinois court judgment bars a federal lawsuit because of *res judicata*, the Court looks to the preclusive effect an Illinois court would give the judgment in question. *Groesch v. City of Springfield*, 635 F.3d 1020, 1029 (7th Cir. 2011); *Licari*, 298 F.3d at 666. Under Illinois law, *res judicata* applies if the prior decision (1) was a final judgment on the merits rendered by a court of competent jurisdiction, (2) involved the same parties or their privies, and (3) constituted the same cause of action as the current suit. *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 478 (Ill. 2001); *People ex rel. Burris v. Progressive Land Devs., Inc.*, 602 N.E.2d 820, 825 (Ill. 1992); *Groesch*, 635 F.3d at 1029.

As an initial matter, the Court must consider whether Defendants' *res judicata* argument is premature. *Res judicata* is an affirmative defense, and it is not one of the defenses that Rule 12(b)(6) permits to be made by motion rather than in an answer to the complaint. *See* Fed R. Civ. P. 8(c); *Forty One News, Inc. v. Cnty. of Lake*, 491 F.3d 662, 664 (7th Cir. 2007) (stating that "*res judicata* is an affirmative defense for the defendant" and generally "cannot be raised until a motion for judgment on the pleadings under Rule 12(c)"). However, the defense may be raised in a Rule 12(b)(6) motion when it "is disclosed in the complaint." *Novickas v. Proviso Twp. High Sch. 209*, No. 09-cv-3982, 2010 WL 3515793, at *2 (N.D. Ill. Aug. 31, 2010); *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). In other words, *res judicata* provides a proper basis for a Rule 12(b)(6) motion "where (1) the facts that establish the defense are definitely ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice; and (2) those facts conclusively establish the defense." *Novickas*, 2010 WL 3515793, at *2; *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) (cited in *Muhammad*, 547 F.3d at 878). The Court may take judicial notice "of a document that a party filed in another court as long as that document is offered to show what was stated to the court rather [than] for the truth of the matter asserted." *Novickas*, 2010 WL 3515793, at *2; *Opoka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996). It may also take notice "of the contents of other courts' records." *Novickas*, 2010 WL 3515793, at *2.

Defendants contend that Plaintiff's federal action is barred by *res judicata* because Plaintiff previously litigated claims arising out of the same core of operative facts in *Rose v. City and Snell*. In support of their motion, Defendants submitted the complaint filed in that case and

the appellate court's order that affirmed the circuit court's dismissal of the case with prejudice. The Court takes judicial notice of the complaint and order that Defendants attached. Based on those two documents, and the complaint in this action, the Court must determine whether all three elements of *res judicata* are met. It finds that the third requirement—that the state court decision constitutes the same cause of action as this federal suit—is not met here. "Generally, a defendant's continuing course of conduct, even if related to conduct complained of in an earlier action, creates a separate cause of action." *D'Last Corp. v.* Ugent, 681 N.E.2d 12, 17 (Ill. App. Ct. 1997). In other words, "*res judicata* does not bar claims for continuing conduct complained of in the second lawsuit that occur[s] after judgment has been entered in the first lawsuit." *Id.* In *Rose v. City and Snell*, Plaintiff filed her complaint on September 5, 2024. The Franklin County Circuit Court granted the City and Snell's joint motion to dismiss on February 7, 2025. Both that state court lawsuit, and this federal action, arise from Plaintiff's allegations that Defendants have engaged in a pattern of harassment and discriminatory conduct against her. However, Plaintiff's claims in this federal action, at least in part, arise from retaliatory escalation that occurred after the state court case was dismissed. Therefore, this federal suit is a separate cause of action and is not barred by *res judicata*.

    B. <u>Colorado River Abstention:</u>

    Defendants second argument is that the Court should abstain from exercising jurisdiction under the *Colorado River* doctrine. "Federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction given to them." *City of Fishers v. DIRECTV*, 5 F.4th 750, 752 (7th Cir. 2021) (quoting *Colorado River*, 424 U.S. at 817). Due to this obligation, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813.

Nevertheless, the Supreme Court has identified several situations where abstention would be proper. *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). The defendants have cited one of these prior applications: *Colorado River* abstention. To determine whether abstention under the *Colorado River* doctrine is appropriate, the Court must conduct a two-part analysis. *Tyrer v. City of S. Beloit*, 456 F.3d 744, 751 (7th Cir. 2006). First, it must decide whether the concurrent state and federal actions are parallel. *Id.* If there is doubt about whether actions are parallel, the Court should not abstain under *Colorado River. Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011). But if the actions are parallel, the Court must determine if "exceptional circumstances" exist to justify *Colorado River* abstention. *Tyrer*, 456 F.3d at 751.

In this case, there are three relevant state court actions. *Rose v. City and Snell* has been decided by the Franklin County Circuit Court and the Fifth District Appellate Court. However, Defendants assert, based on information and belief, that Plaintiff will appeal the decision to the Illinois Supreme Court. As such, that action is still pending and is a potential parallel action. The other two state cases, *Rose v. Arview* and *Rose v. Snell*, are still pending in the Franklin County Circuit Court. Therefore, the Court will consider all three state court lawsuits in determining whether to abstain under *Colorado River*.

      *i.*   Parallel Actions:

For two actions to be parallel, "it is not necessary that there be formal symmetry." *Id.* at 752. Instead, suits are considered "parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Id.* "[T]o determine whether two suits are parallel, a district court should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues." *Id.*

The Court has reviewed the complaints in the state court actions and this federal action and has determined that there is no meaningful distinction between them. It starts by acknowledging that the names appearing on the federal complaint are not identical to those appearing on any one of the state complaints. In *Rose v. City and Snell*, Plaintiff is suing the City and Snell, in his official capacity. In *Rose v. Arview*, the defendant is Arview, in his individual capacity. In *Rose v. Snell*, Plaintiff is suing Snell, in his individual capacity. In this action, the defendants are the City, Arview, in his official and individual capacity, and Snell, in his official and individual capacity. As such, this federal action has additional defendants as compared to each of the state lawsuits. But "[t]he addition of a party or parties to a proceeding, by itself, does not destroy the parallel nature of state and federal proceedings." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004). Parties are "substantially the same" for *Colorado River* purposes when they have "nearly identical interests." *Id.*

Here, the City, Arview, and Snell have the exact same incentives and goals with regards to this litigation. This is true even though some of the actions name Arview and Snell in their individual capacity, and others name Arview and Snell in their official capacity. In all four lawsuits, the defendants are proceeding jointly using the same counsel and have not raised any individual defenses.[1] *See DeCola v. Starke Cnty. Council*, No. 3:20-CV-869 JD, 2021 WL 1701359, at *5 (N.D. Ind. Apr. 29, 2021). Based on the defendants' litigation conduct, it is clear that they have nearly identical interests. *See Stevens v. Umsted*, 131 F.3d 697, 706–07 (7th Cir.

---

[1] Plaintiff argues that Defendants' motion should be stricken because their counsel, Mr. Hill, has an unwaivable conflict. She alleges that he represents defendants with irreconcilable defenses because the City must argue that there was no official policy that permitted the conduct, while Arview and Snell must argue that they had policy authorization. The Court rejects this argument. While the parties could assert contradicting defense theories, they have not done so. Instead, they have pursued a unified defense. There is no basis for the Court to decide that another strategy would be more optimal. Therefore, at this stage in the litigation, the Court is satisfied that Mr. Hill can provide competent and diligent representation to all Defendants.

12

1997) (holding that "[a] court must also consider the manner in which the parties have treated the suit"). Therefore, they are substantially the same for *Colorado River* purposes. *See Antosh v. Vill. of Mount Pleasant*, 99 F.4th 989, 994 (7th Cir. 2004) (finding that, since the incentives and goals of the added defendants in the federal action align with the defendant in the state court action, the parties in the two suits are substantially the same).

In addition, the state actions and this federal action involve substantially the same issues. The Court starts by noting that Plaintiff's claims for relief are different in this case than they are in her three state cases. Even though the cases involve different claims, they all arise from the same facts, raise similar factual and legal issues, and will be resolved by the same evidence. All of Plaintiff's claims, whether under federal or state law, arise from the same alleged course of conduct. In all four cases, Plaintiff is alleging that: the city and its officials selectively enforced building and zoning codes; she complained to city officials about the selective enforcement; and, as a result of her complaints, city officials retaliated against her through harassment, intimidation, threats, and denial of reasonable accommodations.

Since the facts alleged in all four complaints are nearly identical, the cases will be resolved largely by reference to the same evidence. *See Tyrer*, 456 F.3d at 752–53 (citing *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 341 (4th Cir. 2002) (holding that, since the federal court was required to consider the "same evidence and arguments" as the state court did in an earlier action, dismissal or stay under *Colorado River* was proper); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 911 F.2d 993, 1005 (5th Cir. 1990) ("There is little to be gained from rehashing the same evidence in another forum . . . . The district court thus properly concluded that the desire to avoid piecemeal litigation counseled in favor of a stay.")).

13

Accordingly, the state lawsuits and this federal action involve substantially the same issues.

Since all four actions involve substantially the same parties and substantially the same issues, they are parallel suits under the *Colorado River* doctrine. Because the state and federal actions are parallel, the Court must determine whether exceptional circumstances exist that justify *Colorado River* abstention.

      *ii.*  Exceptional Circumstances:

      To determine whether exceptional circumstances exist, the Court must consider ten non-exclusive factors:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Tyrer*, 456 F.3d at 754 (citing *Caminiti & Iatarola, Ltd. V. Behnke Warehousing, Inc.*, 962 F.2d 698, 701 (7th Cir. 1992) (internal quotation marks omitted)); *accord Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15–16 (1983). No single factor is determinative, and "the weight given to any particular factor will vary greatly from case to case, depending on the particular factual setting of the case at hand." *LaDuke v. Burlington N. R. Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989). In addition, because of the presumption against abstention, neutral factors weigh against it. *Huon*, 657 F.3d at 648.

      1.  *Whether the State Has Assumed Jurisdiction Over Property:*

      This factor "is relevant only if there is property at issue in *both* the federal and the state proceedings." *Loughran v. Wells Fargo Bank, N.A.*, 2 F.4th 640, 650 (7th Cir. 2021). That is not

the case here. This factor is neutral, so it weighs against abstention.

### 2.  *The Inconvenience of the Federal Forum:*

Here, the state and federal courts are in Benton, Illinois. Since both courts are in the same town, they are equally convenient. This factor is neutral, so it weighs against abstention.

### 3.  *The Desirability of Avoiding Piecemeal Litigation:*

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Tyrer*, 456 F.3d at 755. If Plaintiff pursues all her state and federal actions, "substantially similar issues will be litigated simultaneously in different forums." *Id.* This raises "concerns about the efficient use of judicial resources and the public's perception of the legitimacy of judicial authority." *Id.* at 756. As the Seventh Circuit explained:

> When a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident. But judicial economy is not the only value that is placed in jeopardy. The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications.

*Id.*

As discussed above, Plaintiff's claims in all four suits are predicated on the same course of conduct and will be resolved largely by the same evidence. They all require the court to examine the alleged pattern of harassment and intimidation that Plaintiff has experienced at the hands of city officials. "To that end, the same persons will be deposed, the same witnesses called and the same evidence produced." *Id.* Such duplicative litigation wastes judicial resources and creates a risk of conflicting final judgments on Plaintiff's claims. Since there is a high danger of piecemeal litigation, this factor weighs strongly in favor of abstention.

15

4.    *Order in Which Jurisdiction Was Obtained by the Concurrent Forums:*

All three state court actions were filed before this federal action. This federal action was filed on May 2, 2025. The first state court lawsuit, *Rose v. City and Snell*, was filed on September 5, 2024, over eight months before this federal action. The other two state court lawsuits, *Rose v. Arview* and *Rose v. Snell*, were filed on March 28, 2025, around five weeks before this federal action. This factor weighs in favor of abstention.

5.    *The Source of Governing Law:*

The federal action involves federal and state law claims. This factor is neutral, so it weighs against abstention.

6.    *The Ability of State-Court Action to Protect Plaintiff's Rights:*

Plaintiff argues that this Court should not abstain because the Franklin County Circuit Court is unable to provide fair proceedings. The Court disagrees. The Seventh Circuit has rejected the "insinuation that Illinois courts will not live up to the standard of full and fair adjudication of the issues." *See id.* at 757 (citing *AXA Corp. Sols. v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 280 (7th Cir. 2003)). In addition, even if the Court were to accept the argument that the Franklin County Circuit Court is biased against Plaintiff, it does not believe that would be a valid reason to not abstain. In *Rose v. City and Snell*, the Fifth District Appellate Court affirmed the Franklin County Circuit Court's decision, finding "no error in [the circuit court's] decision to dismiss the plaintiff's complaint." In the other two pending state court cases, *Rose v. Arview* and *Rose v. Snell*, the presiding judge is not from the Franklin County Circuit Court. In fact, the presiding judge is not even from the Second Judicial Circuit, which oversees twelve circuit courts including Franklin County. Rather, the presiding judge is from the First

16

Judicial Circuit.[2]  Therefore, even if the entire Franklin County Circuit Court is unable to provide fair proceedings, which the Court doubts, a judge from a different circuit is presiding over Plaintiff's cases.

Plaintiff also alleges that "this case involves federal constitutional claims that require federal court expertise." However, "it is widely understood that state courts are very capable of protecting a litigant's constitutional rights." *DeCola*, 2021 WL 1701359, at *6; *see also Haywood v. Drown*, 556 U.S. 729, 735 (2009) ("[S]tate courts as well as federal courts are entrusted with providing a forum for the vindication of federal rights violated by state or local officials acting under color of state law."). Further, the Court notes that this federal action will be stayed rather than dismissed. Accordingly, Plaintiff "in principle could revive [her] federal case in the event that certain issues survived the resolution of the" three state court lawsuits. *Loughran*, 2 F.4th at 650. This factor weighs in favor of abstention.

### 7.    The Relative Progress of State and Federal Proceedings:

The first state court lawsuit, *Rose v. City and Snell*, has made substantial progress. It was dismissed with prejudice by the Franklin County Circuit Court and the dismissal was affirmed by the Fifth District Appellate Court. The other two state court lawsuits, *Rose v. Arview* and *Rose v. Snell*, are slightly ahead of this federal action. In those two cases, Arview and Snell filed motions to dismiss on May 5, 2025. In this action, Defendants filed a motion to dismiss on July 16, 2025, over two months later. This factor weighs in favor of abstention.

---

[2] On June 9, 2025, Plaintiff filed a federal lawsuit against the Second Judicial Circuit, including the Franklin County Circuit Court. *See Rose v. The State of Illinois*, S.D. Ill. Case No. 25-cv-1207-NJR. On June 18, 2025, "[d]ue to the filing of [the] federal complaint – and solely due to the filing of [the] federal complaint," the Franklin County Circuit Court Judge sent Plaintiff's cases pending in the court to the Chief Judge of the Second Judicial Circuit for consideration. Then, the Second Judicial Circuit Chief Judge made a request to the Illinois Supreme Court to assign Plaintiff's cases to another judicial circuit. On June 25, 2025, the Illinois Supreme Court ordered the Chief Judge of the First Judicial Circuit to assign a judge from that circuit to preside over Plaintiff's cases.

8.    *The Presence or Absence of Concurrent Jurisdiction:*

In this action, Plaintiff asserts claims under both state and federal law. The state court

clearly has jurisdiction over the state law claims. It also has concurrent jurisdiction over the

federal law claims. *See Grubb v. Pub. Utilities Comm'n of Ohio*, 281 U.S. 470, 476 (1930)

("[S]tate and federal courts have concurrent jurisdiction of suits of a civil nature arising under

the Constitution and laws of the United States, save in exceptional instances where the

jurisdiction has been restricted by Congress to the federal courts."). *See also Rasky v. Dep't of

Registration & Educ.*, 553 F. Supp. 627, 632 (N.D. Ill. 1982) (state courts have concurrent

jurisdiction over section 1983 actions); *Jones v. Illinois Cent. R. Co.*, 859 F. Supp. 1144, 1146

(N.D. Ill. 1994) (state courts have concurrent jurisdiction over ADA claims); *Lawler v. Peoria

Sch. Dist. No. 150*, No. 12-1299, 2014 WL 12700576, at *3 (C.D. Ill. July 21, 2014) (state courts

have concurrent jurisdiction over Rehabilitation Act claims). Since the state court has concurrent

jurisdiction over all of Plaintiff's claims, this factor weighs in favor of abstention.

9.    *The Availability of Removal:*

This factor "intends to prevent a federal court from hearing claims that are closely related

to state proceedings that cannot be removed." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d

1013, 1023 (7th Cir. 2014). "The unavailability of removal *favors* a stay, because the purpose of

this factor is to prevent litigants from circumventing the removal statute." *Loughran*, 2 F.4th at

650. The first state action, *Rose v. City and Snell*, could not be removed. It asserted no federal

claims, and all the parties are citizens of Illinois. The other two state actions, *Rose v. Arview* and

*Rose v. Snell*, could have been removed because they assert federal claims. In *Rose v. Arview*,

Plaintiff alleges that Arview's "coordinated efforts to deprive [her] of her home amount to an

unlawful taking without just compensation, in violation of . . . federal laws." She is attempting to assert a claim under the Takings Clause of the Fifth Amendment to the United States Constitution. In *Rose v. Snell*, she alleges that Snell retaliated against her "for exercising constitutionally protected rights of free speech, petitioning the government, and seeking enforcement of lawful city codes," which "constitutes a gross violation of [her] civil rights guaranteed by the . . . U.S. Constitution." This appears to be a claim under the First Amendment of the United States Constitution. Although these two state actions could have been removed, they were not. And the time for removal has passed. *See* 28 U.S.C. § 1446(b). Because the state court actions cannot be removed, this factor weighs in favor of abstention.

### 10. The Vexatious or Contrived Nature of the Federal Claim:

Plaintiff's claims in this federal action are substantially similar to her claims in the three state court actions, so this "federal suit is 'vexatious' and 'contrived' within the meaning of *Colorado River*." *Freed v. Friedman*, 215 F. Supp. 3d 642, 657 (N.D. Ill. 2016). *See also Freed*, 756 F.3d at 1024 ("[T]his factor can weigh in favor of abstention when the claims and parties in the federal suit could have been included in the original state court proceeding."); *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1289 (7th Cir. 1988) (finding that "the federal suit could be considered both vexatious and contrived" when "all claims and all parties could" have been "part of one suit"). All of Plaintiff's claims in this case could have been brought in her state court lawsuits. This creates a presumption that this federal action is vexatious or contrived. In addition, there is evidence that this action is the product of forum shopping and an attempt to evade state court rulings. The state court has made rulings that are unfavorable to Plaintiff. She asserts that, based on these unfavorable rulings, the state court is unable to provide unbiased

19

proceedings. The unfavorable rulings, paired with the allegation by Plaintiff that the state court is unable to fairly resolve her claims, show that this federal action is vexatious. *See Freed*, 215 F. Supp. 3d at 657 (finding that there was overwhelming evidence that plaintiff behaved vexatiously where the state court judge had made rulings that were unfavorable to plaintiff and plaintiff stated that the federal action was an attempt to seek a forum above local prejudice). This factor weighs heavily in favor of abstention.

The Court has reviewed all ten factors, and determined that seven (factors 3, 4, 6, 7, 8, 9, and 10) weigh in favor of abstention. As such, exceptional circumstances exist that warrant abstention. Since the state lawsuits and this federal action are parallel, and there are exceptional circumstances to justify abstention, the Court will abstain from exercising jurisdiction under the *Colorado River* doctrine.

## IV.    <u>CONCLUSION</u>

*Res judicata* does not apply to this action because Plaintiff's claims in this federal action, at least in part, arise from conduct that occurred after *Rose v. City and Snell* was dismissed by the Franklin County Circuit Court. However, because the Court finds that the three state court lawsuits and this federal action are parallel, and exceptional circumstances exist that warrant abstention, it abstains from this action under the *Colorado River* doctrine. Accordingly, the Court GRANTS Defendants' Motion to Stay, or in the Alternative, Motion to Dismiss (Doc. 29). This action is stayed pending resolution of the three state court actions of *Rose v. City and Snell*, *Rose v. Arview*, and *Rose v. Snell*. If any claims in this action survive resolution of the three state court cases, Plaintiff may revive this case.

**IT IS SO ORDERED.**
**DATED**: **October 22, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**