UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TINA ROSE, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF WEST FRANKFORT, TIMOTHY C. ARVIEW, and THAD SNELL, <br><br> Defendants. | Case No. 25-cv-00845-JPG |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Tina Rose's Motion for Sanctions (Doc. 36). She alleges that Defense Counsel Keith Hill "has systemically harassed [her] through a calculated pattern of unsolicited communications," and asks the Court to sanction him pursuant to Federal Rule of Civil Procedure 11, Model Rule of Professional Conduct 4.4, Title II of the Americans with Disabilities Act, and its inherent authority. Mr. Hill filed a response (Doc. 39), and Plaintiff filed a reply (Doc. 40).

**I.   BACKGROUND**

Plaintiff alleges that, beginning in June 2025, Mr. Hill started to email her "correction lists containing minor, technical criticisms of her court filings." The first email was sent by Mr. Hill to Plaintiff on June 30, 2025. It was sent after Mr. Hill reviewed Plaintiff's Reply to Defendant's Response to Motion for Protective Relief (Doc. 22). The purpose of the email was to bring errors in the filing to Plaintiff's attention "should [she] wish to take corrective action." It listed twelve errors. Specifically, it notified Plaintiff that: (1) her reply brief exceeded the page limit set by SDIL-LR 7.1(a)(4), (2) she improperly stated that Mr. Hill represents the police department and that the defendants have asserted a joint-defense privilege, (3) she cited cases for

quotes that do not appear in those cases, (4) she made assertions about discovery, including that Mr. Hill has dictated every deposition and has withheld internal emails, despite the fact that the parties have not entered the discovery phase, (5) she stated that Mr. Hill has labeled her claims "neighbor drama" and called her state court filings "vexatious," when he never made those statements, and (6) she said that Mr. Hill was at the counsel table during a city council meeting when he was not present at the meeting. The same day, Plaintiff responded to Mr. Hill's email. Her response addressed many of his concerns. In addition, it asked Mr. Hill to never correct her in this fashion again and warned that if he sends "any such message to [her] in this tone of telling [her] to get correct like [she's] his employee again [she] will ask for sanctions."

On July 15, 2025, Mr. Hill sent Plaintiff another email. It was after Mr. Hill reviewed Plaintiff's Notice Clarifying the Distinct Nature of State and Federal Claims (Doc. 28). The purpose of the email was to bring two errors to Plaintiff's attention should she wish to take corrective action. The errors included her statements to the Court that: (1) Mr. Hill agreed to mediation when he merely reached out to her to discuss the possibility of resolving the cases through mediation, and (2) the Illinois Supreme Court reassigned her cases in the Franklin County Circuit Court to a new judicial circuit due to concerns about bias, impropriety, and potential criminal acts within the circuit court, when it actually reassigned the cases solely due to the filing of her federal complaint against the Franklin County Courthouse. Plaintiff did not respond to the email.

Mr. Hill sent a third email to Plaintiff on July 27, 2025. The email was sent after Mr. Hill reviewed Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 35). In the email, Mr. Hill stated that he had a few requests and wished to bring a few matters to Plaintiff's attention. It

listed five errors. The first three were related to Plaintiff's citations. Mr. Hill pointed her to three cases she named in the brief but failed to provide the correct citation for. He asked her to send him the correct citation. The fourth was related to an argument Plaintiff made in her response brief. She argued that the motion to dismiss should be stricken because Mr. Hill has a "disqualifying conflict of interest." Mr. Hill stated that it is procedurally improper for her to raise this argument in response to a motion to dismiss and reminded her that the Court already rejected this argument. The fifth was to notify her that she had once again misrepresented to the Court that he had agreed to mediation and that the Illinois Supreme Court reassigned her cases to a new judicial circuit based on concerns about bias, impropriety, and potential criminal acts within the Franklin County Circuit Court. Plaintiff did not respond to the email.

On July 28, 2025, Mr. Hill sent a fourth email to Plaintiff. The email was about Plaintiff's Motion for Sanctions (Doc. 36). Mr. Hill stated that he does not believe her motion's factual contentions are supported by the evidence nor her legal contentions supported by existing law and requested that she consider withdrawing the motion before he prepared a response. Plaintiff did not respond to the email and filed it with the Court in her Notice re Motion for Sanctions (Doc. 37).

**II.   ANALYSIS**

   A.  Federal Rule of Civil Procedure 11:

Plaintiff first argues that the Court should impose sanctions against Mr. Hill under Federal Rule of Civil Procedure 11. Rule 11 "provides that if an attorney files pleadings that are not reasonably based on the law or in fact, or that are meant to harass, then 'the court upon motion or upon its own initiative, *shall* impose . . . an appropriate sanction.'" *Brown v. Fed'n of*

3

*State Med. Boards of the U.S.*, 830 F.2d 1429, 1435 (7th Cir. 1987), *abrogated on other grounds by*, Mars Steel Corp v. Cont'l Bank N.A., 880 F.2d 928 (7th Cir. 1989) (citing FED R. CIV. P. 11). The rule "provides two grounds for sanctions: namely, the 'frivolousness clause' and the 'improper purpose' clause." *Flip Side Prods., Inc. v. Jam Prods., Ltd.*, 843 F.2d 1024, 1036 (7th Cir. 1988) (citing *Brown*, 830 F.2d at 1435). "The frivolousness clause requires that the party or the attorney conduct a reasonable inquiry into the facts and the law relevant to the case." *Id.* "The improper purpose clause ensures 'that a motion, pleading, or other document may not be interposed for purposes of delay, harassment, or increasing the costs of litigation.'" *Id.* "[T]he most important purpose of Rule 11 sanctions is to deter frivolous litigation and the abusive practices of attorneys." *Id.* Plaintiff alleges that Mr. Hill's emails violate Rule 11 because they "serve no substantial legal purpose and are clearly designed to harass, burden, and intimidate [her]." However, Rule 11, on its face, only reaches the filing of written pleadings. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 41 (1991) (stating that Rule 11 governs only papers filed with a court). Therefore, it does not apply to Mr. Hill's emails.

    B. <u>Model Code of Professional Conduct 4.4:</u>

Plaintiff's second argument is that the Court should impose sanctions against Mr. Hill under Model Rule of Professional Conduct 4.4. The Court starts by noting that the Model Code of Professional Conduct does not apply in this Court. Instead, pursuant to SDIL-LR 83.2(a)(2), this Court has adopted the Rules of Professional Conduct established by the Supreme Court of Illinois. Illinois Supreme Court Rule of Professional Conduct 4.4, which is identical to Model Rule of Professional Conduct 4.4, states that, "[i]n representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person."

4

Plaintiff claims that sanctions are appropriate under the rule because the purpose of Mr. Hill's emails was "clearly to harass and burden Plaintiff rather than serve any legitimate legal objective." The Court disagrees and finds that Mr. Hill's emails had a legitimate purpose.

Mr. Hill states that his emails were a "warning shot" to Plaintiff that her court filings did not comply with the requirements of Federal Rule of Civil Procedure 11. As stated above, Rule 11 requires an unrepresented party's filings to be "reasonably based on the law or in fact." *Flip Side Prods.*, 843 F.2d at 1036 (citing FED R. CIV. P. 11). In other words, the party must make "an inquiry reasonable under the circumstances" and then submit only "legal contentions" that are "warranted by existing law," and only "factual contentions" that "have evidentiary support." FED R. CIV. P. 11. The rule provides a safe harbor to avoid sanctions that requires motions to be served on the opposing party at least 21 days before they are filed in court. *Id.* If the opposing party cures the challenged filing by withdrawal or appropriate correction, "the motion . . . must not be filed." *Id.* Even though the text of the rule seems to require a party seeking sanctions to draft a motion and serve it on the opposing party, the Seventh Circuit has found that the safe harbor is met when there is substantial compliance. *See Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 808 (7th Cir. 2003). In *Nisenbaum*, the Seventh Circuit found that the defendants "complied substantially" with Rule 11 when they sent plaintiff's "lawyer a 'letter' or 'demand' rather than a 'motion.'" *Id.* In this case, Mr. Hill's emails complied substantially with Rule 11. The emails were related to Mr. Hill's concerns that Plaintiff's filings contained numerous factual contentions that have no evidentiary support and legal contentions that are not warranted by existing law. In the emails, Mr. Hill stated that he was bringing the issues to Plaintiff's attention should she wish to take corrective action. As such, the emails had the legitimate purpose of notifying Plaintiff of

5

her sanctionable conduct.

In addition, even if the emails do not qualify as a warning shot under Rule 11, they still had a legitimate purpose. Mr. Hill had valid concerns about Plaintiff misconstruing the factual record. The emails notified Plaintiff about these concerns and gave her the ability to correct them. In addition, Plaintiff's incorrect and missing citations do not constitute "minor, technical" errors. SDIL-LR 7.1(a)(2) requires that a party's briefs contain "citations to relevant legal authority." It is important that the Court, and Mr. Hill, have the correct citations to legal authority that Plaintiff relies on. Mr. Hill's request that Plaintiff provide him with the correct citations is reasonable. Because the Court finds that Mr. Hill's emails had a legitimate purpose other than to embarrass, delay, or burden Plaintiff, the emails are not sanctionable under Illinois Supreme Court Rule of Professional Conduct 4.4.

C. <u>Title II of the American with Disabilities Act:</u>

Plaintiff's third argument is that the Court should impose sanctions against Mr. Hill under Title II of the American with Disabilities Act. She argues that Mr. Hill's emails "create discriminatory barriers to [her] participation in federal court proceedings based on her disability" which violates Title II of the ADA's "prohibition on excluding disabled individuals from participation in public services." Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In other words, it "prohibits any public entity from discriminating against 'qualified' persons with disabilities in the provision or operation of public services, programs, or activities." *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). The Act defines

"public entity" to include: (1) "any State or local government;" and (2) "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131. Mr. Hill is not a public official. He is a private attorney that was hired by the City of West Frankfort to represent the city and its officials in this litigation. In addition, he does not supply or operate public services, programs, or activities. Therefore, Title II does not apply to his conduct.

    D. <u>The Court's Inherent Authority:</u>

Plaintiff's final argument is that the Court should impose sanctions against Mr. Hill under its inherent authority. "District courts 'possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018). This Court may use its inherent authority to impose sanctions if "a party has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Id.* at 463. It "must first make a finding of 'bad faith, designed to obstruct the judicial process, or a violation of a court order.'" *Id.* at 463–64. The Court does not believe that Mr. Hill acted in bad faith when he sent the emails to Plaintiff. As discussed above, the emails had a legitimate purpose and expressed Mr. Hill's reasonable concerns. Accordingly, the Court declines to use its inherent powers to sanction Mr. Hill.

## III.   <u>CONCLUSION</u>

Mr. Hill's emails to Plaintiff are not sanctionable under Federal Rule of Civil Procedure 11 because that rule applies only to papers filed in court. In addition, his conduct is not

sanctionable under Title II of the ADA because Mr. Hill is not a public entity and does not provide public services, programs, or activities. Since the Court believes that Mr. Hill's emails had a legitimate purpose, it declines to impose sanctions under Illinois Supreme Court Rule of Professional Conduct 4.4 or its inherent powers. Therefore, Plaintiff Tina Rose's Motion for Sanctions (Doc. 36) is DENIED. The Court reminds both parties of their duties to comply with Rule 11, which includes to not submit filings for an improper purpose, to ensure that all legal contentions are support by existing law or a nonfrivolous argument for extending the law, and to confirm that all factual contentions have evidentiary support or will likely have evidentiary support after discovery. Any future improper filings could be subject to appropriate sanctions.

**IT IS SO ORDERED.**
**DATED**:   **October 29, 2025**

                                                     s/ J. Phil Gilbert
                                                     **J. PHIL GILBERT**
                                                     **United States District Judge**