UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TINA ROSE,

       Plaintiff,

  v.

CITY OF WEST FRANKFORT,
TIMOTHY C. ARVIEW, and
THAD SNELL,

       Defendants.

Case No. 25-cv-00845-JPG

### MEMORANDUM AND ORDER

      This case is before the Court on Plaintiff Tina Rose's Motion for Reconsideration (Doc. 55). The motion asks the Court to reconsider its Memorandum and Order, entered October 22, 2025, that stayed this action under the *Colorado River* doctrine (Doc. 54). Defendants filed a response (Doc. 56). "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances . . . ." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). The decision of whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

The Court starts by addressing Plaintiff's assertion that Defendants made a false representation of fact by asserting their belief that "Plaintiff has filed/intends to file a petition for leave to appeal to the Illinois Supreme Court." This statement is not an allegation of fact. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011) (stating that an allegation based on information and belief means that the party "has a good-faith reason for believing what he is saying" but acknowledges "that his allegations are 'based on secondhand information that [he] believes to be true.'"). The statement was made based on Defendants' good faith belief that Plaintiff would appeal. At the time Defendants filed their motion, Plaintiff still had thirteen days to file a petition for leave to appeal. In addition, Plaintiff made at least three statements that indicated she had plans to appeal. Accordingly, the Court rejects Plaintiff's assertion that Defendants made a false representation of fact regarding her intention to appeal.

Even if Defendants did make a false representation of fact regarding Plaintiff's intention to appeal, there is not a compelling reason for the Court to reconsider its decision. The Court finds this for two reasons. First, the fact that Plaintiff did not file an appeal in *Rose v. City and Snell* is not a new fact. Plaintiff asserts in her motion for reconsideration that she "never intended to file" a petition for leave to appeal. If her statement is true, then she knew that she was not going to appeal the decision when she filed her Response in Opposition to Defendants' Motion to Dismiss (Doc. 35). In other words, the fact existed at the time Plaintiff filed her response brief. Since Plaintiff's intention to appeal is not a new fact, it does not constitute a compelling reason for the Court to reconsider its decision. Second, Plaintiff incorrectly asserts that the Court's decision rested solely on its finding that *Rose v. City and Snell* was a parallel proceeding. The

2

Court's order makes it clear that it found three parallel proceedings: *Rose v. City and Snell*, *Rose v. Arview*, and *Rose v. Snell*. The Court acknowledges that *Rose v. City and Snell* is not a pending case, and therefore, is not a parallel proceeding. However, it still concludes that there are two parallel proceedings—*Rose v. Arview* and *Rose v. Snell*—and that the exceptional circumstances factors weigh in favor of abstention. Therefore, the Court DENIES Plaintiff Tina Rose's Motion for Reconsideration (Doc. 55).

**IT IS SO ORDERED.**
**DATED**:   **October 29, 2025**

                                                             s/ J. Phil Gilbert
                                                             **J. PHIL GILBERT**
                                                             **United States District Judge**