UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TINA ROSE,

   Plaintiff,

  v.

CITY OF WEST FRANKFORT,
TIMOTHY C. ARVIEW, and
THAD SNELL,

   Defendants.

Case No. 25-cv-00845-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Tina Rose's Motion for Leave to File Supplemental Complaint (Doc. 67). Defendants filed a response (Doc. 71), and Plaintiff filed a reply (Doc. 72). Federal Rule of Civil Procedure 15(d) provides that: "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). "A party does not have an absolute right to file a supplemental pleading." *Chalmers v. Rector*, No. 15-CV-044-MJR, 2015 WL 5675799, at *2 (S.D. Ill. Sept. 28, 2015). "Rather, 'the district court has substantial discretion either to permit or to deny such a motion.'" *Id.* (quoting *Chicago Reg'l Council of Carpenters v. Vill. Of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011)).

The Court has reviewed the proposed supplemental pleading and finds that it does not comply with Federal Rules of Civil Procedure 8 and 10 and Local Rule 5.1. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Further, it states that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Rule 10 requires a party to state its claims "in numbered paragraphs, each limited

as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Local Rule 5.1 requires that all pleadings filed in this District be "plainly typewritten, printed, or prepared by a clearly legible duplication process and double-spaced." SDIL-LR 5.1(a).

The proposed supplemental complaint is not simple, concise, or direct. Instead, it contains extensive factual details. In addition, it does not contain a short and plain statement showing that Plaintiff is entitled to relief. Rather, it makes broad assertions that the facts are relevant to Plaintiff's claims but fails to explain *how* the facts are relevant. It is not up to the Court, nor the defendants, to scour the supplemental complaint and try to piece together how the facts alleged support Plaintiff's claims. Finally, it is single-spaced, and the allegations are not in separately numbered paragraphs. Since the proposed supplemental complaint fails to comply with Federal Rules of Civil Procedure 8 and 10 and Local Rule 5.1, the Court DENIES Plaintiff Tina Rose's Motion for Leave to File Supplemental Complaint (Doc. 67). The denial is without prejudice to Plaintiff filing another motion for leave to file a supplemental complaint. However, the Court WARNS Plaintiff that any proposed supplemental pleading filed must comply with the Federal Rules of Civil Procedure and the Local Rules.

**IT IS SO ORDERED.**
**DATED**:  **March 10, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

2