UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TINA ROSE,

   Plaintiff,

  v.            Case No. 25-cv-00845-JPG

CITY OF WEST FRANKFORT,
TIMOTHY C. ARVIEW, and
THAD SNELL

   Defendants.

## MEMORANDUM AND ORDER

This case is before the Court on several motions and other documents filed by Plaintiff

Tina Rose (Docs. 122, 123, 125, and 127).

 A. Motion to Withdraw (Doc. 122):

Plaintiff filed this motion in response to the Court's show cause order, entered June 22,

2026 (Doc. 119). The Court **GRANTS** the Motion to Withdraw (Doc. 122) and **DISCHARGES**

the order to show cause (Doc. 119). It **STRIKES** the Motion for Protective Order Modifying

Meet and Confer Procedures (Doc. 112) and the Second Motion for Protective Order Modifying

Meet and Confer Procedures (Doc. 114) as duplicative.

To ensure future compliance with Federal Rule of Civil Procedure 11, the Court

**ORDERS** Plaintiff to file, on or before July 15, 2026, a notice certifying that she has read

Federal Rule of Civil Procedure 11 and will comply with its requirements in all future filings. It

further **ORDERS** that, in all future filings, Plaintiff must include the following certification

immediately preceding her signature:

> I, Tina Rose, certify that, to the best of my knowledge, information, and belief,
> formed after an inquiry reasonable under the circumstances:

1. this filing is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2. the legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

3. the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for future investigation or discovery; and

4. the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The Court **WARNS** Plaintiff that good faith is not an excuse to submit filings that do not comply with Rule 11. *See Attaway v. Illinois Department of Corrections*, No. 23-cv-2091-DWD, 2025 WL 1101398, at *2 (S.D. Ill. Apr. 14, 2025) ("Carelessness, good faith, or ignorance are not an excuse for submitting materials that do not comply with Rule 11."). Plaintiff must review her filings closely and ensure that all her factual and legal contentions are warranted before she places them on the public docket. Any future violations of Rule 11 may result in additional sanctions.

B. Motion to Seal (Doc. 123):

Plaintiff seeks leave to file her medical and mental-health records under seal in support of her Second Motion for Protective Order Modifying Meet and Confer Procedures (Doc. 124). At this time, the Court **GRANTS** the Motion to Seal (Doc. 123). However, it may revisit this decision in the future, particularly if these records are essential to resolving the issues of liability and damages. The Court **DIRECTS** the Clerk of Court to keep the medical and mental health records (Doc. 123-1) under seal and attach them as an exhibit to Plaintiff's Second Motion for

Protective Order for Meet and Confer Procedures (Doc. 124).

C.  Reply to Motion for Protective Order (Doc. 125):

In this reply brief, Plaintiff "raises her public professional history, writing history, volunteer history, and affidavit of character, to end attacks on her character which removes focus from the complaint." She attaches five pages of exhibits to bolster her character. This information is not relevant. It is not the Court's role to determine the character or credibility of any party in this case. Those issues are reserved for a jury. The parties shall refrain from attempting to disparage or bolster any party's character.

D.  Motion to Supplement (Doc. 127):

Plaintiff asks the Court for leave to supplement her Response to Defendants' Motion for Protective Order (Doc. 118) with her medical and mental health records (Doc. 123-1). She argues that these records show she is actively producing medical records to Defendants. Defendants' Motion for Protective Order (Doc. 117) seeks the entry of a HIPAA Qualified Protective Order to allow Defendants to obtain and use protected health information for the purpose of this litigation while preventing the unauthorized disclosure of such information. The fact that Plaintiff is actively producing medical records is not relevant to the motion. Defendants do not have to rely on the medical records produced by Plaintiff; they may subpoena the records themselves. *See Kemp v. Kickert School Bus Lines, Inc.*, No. 1:19-CV-07637, 2023 WL 2711563, at *6 (N.D. Ill. Mar. 30, 2023) ("It is routine to subpoena medical records even if a party provides some, because it is possible and even probable that a party-supplied set of medical records is incomplete, either intentionally or because the health-care provider has a broader set of records."). If Plaintiff believes any subpoena issued to her medical providers is overly broad, she

3

may seek relief from the Court at that time. Accordingly, the Court **DENIES** the Motion to

Supplement (Doc. 127).

**IT IS SO ORDERED.**
**DATED**: **July 1, 2026**

_____
**J. PHIL GILBERT**
**United States District Judge**

4